Case 1:19-cr-20399-UU   Document 211   Entered on FLSD Docket 07/22/2020   Page 1 of 4

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 1:19-20399 UNGARO

UNITED STATES OF AMERICA

V.

KENNETH ROGERS

    Defendant

_____/

### DEFENDANT'S MOTION TO MODIFY PRISON SENTENCE PURSUANT TO 18 U.S.C 3582 (c) BASED ON EXTRAORDINARY CIRCUMSTANCES.

The Defendant, KENNETH ROGERS, by and through his undersigned counsel, files this motion to Modify the Prison Sentence Pursuant to 18 U.S.C 3582 (c) based on Extraordinary Circumstances and states as follows:

1. The Defendant was sentenced on 2-28-2020 to a term of imprisonment of 72 months.  The Defendant surrendered to the Federal Detention Center in Miami on 3-13-2020.  Both the sentence and the surrender date occurred prior to the Corona Virus Pandemic which has ravaged the United States prison systems.

2. The foundation of this motion is based on the fact that a federal inmate should not be placed at risk of losing his life because he is immunocompromised and because of the deplorable conditions of confinement at the Federal Detention Center (FDC) in Miami.

3. The Defendant has a long history of health issues.  The most relevant ones for this motion are his chronic respiratory disease (severe asthmatic), an irregular heartbeat, and nerve damage.  The first two health conditions qualify the Defendant as immunocompromised.  The relevance of this plays a critical role in Attorney General Barr's March 26, 2020, memorandum.  The memorandum called for the B.O.P to immediately prioritize vulnerable inmates to be released to home confinement.

4. The Defendant surrendered at FDC in Miami.  The Defendant was designated to the Federal Prison Camp in Pensacola, Florida, which is a minimum-security Prison.  The Defendant was not transferred to his designated facility due to the Corona Virus Pandemic.  One of the factors that the Bureau of Prisons was asked to review in determining if the inmate should be transferred to home confinement is the security level of the facility currently holding the inmate.  The Defendant, through no fault of his own, is currently at a maximum-security facility as opposed to a minimum-security facility.

5. On May 14th, 2020, the Defendant's wife wrote a letter to the Warden of FDC in Miami, Warden E.K. Carlton, seeking consideration for home confinement.  In his response dated June 9, 2020, the Warden E.K Carlton denied this request.

6. On May 13th, the Defendant passed out in the kitchen area at FDC because of an asthma attack and was sent to medical.  The Defendant had another attack on May 26th in his room…he was sent to medical.  On June 9th he had another attack in the kitchen and was sent to medical.

7. The Defendant is an at-risk inmate who is non-violent and poses minimal likelihood of recidivism who clearer would be safer serving his sentence in home confinement rather than in a BOP Facility.

8. A delayed response for this Defendant, given his health, medical history, and present prison conditions, increases his likelihood of contracting the virus. The Defendant's health history also increases the likelihood of serious illness resulting from contracting the virus.

9. The infection rates at FDC Miami are surging. Inmates at FDC have already died because of this pandemic. Prisons are like petri dishes for airborne viruses. It is only a matter of time before the spread of FDC becomes uncontainable and the Defendant must pray that his immunocompromised system can keep him alive. The extraordinary and compelling reasons asserted above warrant such a reduction.

10. Undersigned counsel has conferred with AUSA Peter Link and the government opposes this request.

**Wherefore**, the Defendant, by and through undersigned counsel, respectfully requests that this Court grant his Motion to Modify his Prison Sentence Pursuant to 18 Section 3582 (c) and whatever other relief it deems just and reasonable.

Respectfully submitted,

By:    /Saam Zangeneh_____

Saam Zangeneh  
Florida Bar Number 526721  
14 NE 1st Avenue Suite 300  
Miami, Florida 33132  
Telephone: 305-441-2333\  
Email saam@zangenehlaw.com