**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Crim. No. 1:19-cr-20399-UU-1

UNITED STATES OF AMERICA,

v.

KENNETH ROGERS,

    Defendant.

_____/

**ORDER**

    THIS CAUSE comes before the Court upon Defendant's counseled Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) Based on Extraordinary Circumstances (D.E. 211) (the "Motion").

    THE COURT has considered the Motion and is otherwise fully advised in the premises. Because Defendant has not stated whether he requested compassionate release from the warden and because he has not attempted to provide his medical records or release plan, the Motion will be dismissed.

    On February 28, 2020, following a jury trial, the Court sentenced Defendant to 72 months' imprisonment and three years of supervised release for one count of encouraging and inducing aliens to enter the United States and one count of aiding and abetting certain aliens to enter the United States. D.E. 210. Defendant is 35 years old and incarcerated at FDC Miami with a projected release date of April 17, 2025. In the instant Motion, Defendant asks the Court for compassionate release in light of COVID-19 because he suffers from severe asthma, is immunocompromised, and has neve damage and an irregular heartbeat. D.E. 211 ¶¶ 2, 3. He further states that he has suffered severe asthma attacks since becoming incarcerated. *Id.* ¶ 6. Defendant provides that his "wife wrote a letter to the Warden of FDC in Miami, Warden E.K. Carlton, seeking consideration for home

1

confinement. In his response dated June 9, 2020, the Warden E.K Carlton denied this request." *Id.* ¶ 5.

The First Step Act of 2018 (the "Act") went into effect on December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the Act, prisoners could file motions for compassionate release with the BOP, and only the Director of the BOP could file motions for compassionate release with the court. Section 603(b) of the Act modified 18 U.S.C. § 3582(c)(1)(A) to "increase[e] the use and transparency of compassionate release." Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. Section 3582(c)(1)(A) now permits a prisoner to file a motion for compassionate release directly with the court:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant **has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added) (emphasis added).

A sentence reduction under Section 3582(c)(1)(A) is consistent with the Sentencing Commission's applicable policy statement where "extraordinary and compelling" reasons merit the reduction and the defendant is not a danger to any person or to the community. U.S.S.G. § 1B1.13(2) & cmt. n.1. Extraordinary and compelling reasons include:

> **(A)** Medical Condition of the Defendant.
> **(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not

>   required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   **(ii)** The defendant is—
>   > **(I)** suffering from a serious physical or medical condition,
>   > **(II)** suffering from a serious functional or cognitive impairment, or
>   > **(III)** experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(B)** Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> **(C)**  Family Circumstances
>   > **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   > **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D)** As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)

U.S.S.G. § 1B1.13, cmt. n.1. Thus, before reducing a sentence under Section 3582(c)(1)(A)(i), a sentencing court must do three things: (1) find that extraordinary and compelling reasons warrant such a reduction; (2) find that the defendant is not a danger to any person or to the community; and (3) consider the statutory sentencing factors set forth in Section 3553(a).

Defendant has not stated whether he requested compassionate release from the warden. The Court cannot conclude that Defendant, in this case, is excused from the statutory requirements of the BOP's administrative procedure for requesting compassionate release based on the COVID-19 pandemic. *See, e.g.*, *United States v. Zamor*, No. 17-20353-CR-Scola, 2020 U.S. Dist. LEXIS 75038, at *2 (S.D. Fla. Apr. 29, 2020) (denying COVID-19-based compassionate where defendant did not exhaust administrative remedies and where past asthma alone did not present extraordinary and compelling reason to grant release); *United States v.*

*Gagne*, No. 3:18-cr-242 (VLB), 2020 U.S. Dist. LEXIS 57957, 2020 WL 1640152 (D. Conn. Apr. 2, 2020) (denying COVID-19-based compassionate where defendant did not exhaust her administrative remedies and where her multiple sclerosis alone did not present an extraordinary and compelling reason). Defendant does not present the "unique circumstances" warranting excusal of the exhaustion requirement considered by the Southern District of New York in *United States v. Perez*, No. 17 Cr. 513-3 (AT), _ F. Supp. 3d _, 2020 U.S. Dist. LEXIS 57265, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020) (finding that, where defendant had less than three weeks remaining on his sentence and had "undisputed fragile health," "pursuing the administrative process would be a futile endeavor; he is unlikely to receive a final decision from the BOP, and certainly will not see 30 days lapse before his release date").

Should Defendant wish to file a renewed motion for compassionate release, he must first file his administrative compassionate release request with the BOP. He should make every effort to attach to his renewed motion (1) his BOP compassionate release request, (2) his release plan, and (3) his medical records. Accordingly, it is hereby

ORDERED AND ADJUDGED that the stay on the Motion, D.E. 211, is DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23d day of July, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf