UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 1:19-20399 UNGARO

UNITED STATES OF AMERICA

V.

KENNETH ROGERS

    Defendant

_____/

**DEFENDANT'S AMENDED MOTION TO MODIFY PRISON SENTENCE PURSUANT TO 18 U.S.C 3582 (c) BASED ON EXTRAORDINARY CIRCUMSTANCES.**

    The Defendant, KENNETH ROGERS, by and through his undersigned counsel, files this motion to Modify the Prison Sentence Pursuant to 18 U.S.C 3582 (c) based on Extraordinary Circumstances and states as follows:

1. The Defendant was sentenced on 2-28-2020 to a term of imprisonment of 72 months.  The Defendant surrendered to the Federal Detention Center in Miami on 3-13-2020.  Both the sentence and the surrender date occurred prior to the Corona Virus Pandemic which has ravaged the United States prison systems.

2. The foundation of this motion is premised on the fact that a federal inmate should not be placed at risk of losing his life simply because he is immunocompromised. The Defendant's medical condition and the deplorable conditions of confinement at the Federal Detention Center (FDC) in Miami render him a target for infection of the Covid-19 virus.

3. The Defendant has a long history of health issues.  The most relevant ones for this motion are his respiratory disease (asthmatic), cardiac ailments, along with nerve damage.  The first two health conditions qualify the Defendant as immunocompromised.  The relevance of this plays a critical role in Attorney General Barr's March 26, 2020, memorandum.  The memorandum called for the B.O.P to immediately prioritize vulnerable inmates to be released to home confinement.  (Attached as Exhibit A are medical records for the Defendant).

4. The Defendant surrendered at FDC in Miami.  The Defendant was designated to the Federal Prison Camp in Pensacola, Florida, which is a minimum-security Prison.  The Defendant was not transferred to his designated facility due to the Corona Virus Pandemic.  One of the factors that the Bureau of Prisons was asked to review in determining if the inmate should be transferred to home confinement is the security level of the facility currently holding the inmate.  The Defendant, through no fault of his own, is currently at a maximum-security facility as opposed to a minimum-security facility.

5. On May 14th, 2020, the Defendant's wife wrote a letter to the Warden of FDC in Miami, Warden E.K. Carlton, seeking consideration for home confinement.  In his response dated June 9, 2020, the Warden E.K Carlton denied this request.

6. On June 9th, 2020, the Warden E.K Carlton sent correspondence denying the Defendant's request for relief. (Attached as Exhibit B)

7. On May 13th, the Defendant passed out in the kitchen area at FDC because of an asthma attack and was sent to medical.  The Defendant had another attack on May

26th in his room…he was sent to medical.  On June 9th he had another attack in the kitchen and was sent to medical.

8. The Defendant is an at-risk inmate who is non-violent and poses minimal likelihood of recidivism who clearer would be safer serving his sentence in home confinement rather than in a BOP Facility.

9. A delayed response for this Defendant, given his health, medical history, and present prison conditions, increases his likelihood of contracting the virus.  The Defendant's health history also increases the likelihood of serious illness resulting from contracting the virus.

10. The infection rates at FDC Miami are surging.  Inmates at FDC have already died because of this pandemic.  Prisons are like petri dishes for airborne viruses.  It is only a matter of time before the spread of FDC becomes uncontainable and the Defendant must pray that his immunocompromised system can keep him alive.  The extraordinary and compelling reasons asserted above warrant such a reduction.

11. Undersigned counsel has conferred with AUSA Peter Link and the government opposes this request.

12. If this Court grants the relief requested the Defendant would live at his marital home with his wife, his two children and his in laws.  He would focus his time on his family, his commitment to God and if allowed he would obtain gainful employment.  If the Court recalls the Defendant has a wide spectrum of support in the community.  His crime was one of isolation and we strongly believe it was an anomalous act that is inconsistent with his character.  The Defendant abided by all the conditions of his

bond while awaiting trial. He surrendered as instructed by this Court and we strongly believe that if given this modification he would have no issues on community control.

**Wherefore**, the Defendant, by and through undersigned counsel, respectfully requests that this Court grant this Amended Motion to Modify his Prison Sentence Pursuant to 18 Section 3582 (c) and whatever other relief it deems just and reasonable.

Respectfully submitted,

By: _/Saam Zangeneh_____

Saam Zangeneh
Florida Bar Number 526721
14 NE 1st Avenue Suite 300
Miami, Florida 33132
Telephone: 305-441-2333
Email saam@zangenehlaw.com